DAVID H. DICKEY, PLAINTIFF, v. JOSEPH P. CLEARY, DEFENDANT.

Decided March 7, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *George A. Bourgeois* and *Burtis S. Horner*.

No argument was submitted on behalf of the plaintiff.

PER CURIAM.

The defendant in this suit is a practicing physician, and about May 10th, 1926, was called upon professionally to treat the plaintiff, who was a principal of a school in Long Branch. This he did, and some days after he was called in the plaintiff became delirious, and the defendant thereupon suggested his removal to the State Hospital for the Insane, where he was detained for some thirteen months before being released as cured by the persons in charge of the asylum. He then brought the present suit against the defendant and made four distinct claims against the latter, for which he sought compensation. The first was that the defendant in speaking of the condition of the plaintiff at the time of his removal to the state asylum, and the cause thereof, falsely and maliciously made certain statements which greatly injured his good name, character and reputation. His second claim was

that the defendant was careless and negligent in his treatment and diagnosis of the plaintiff's condition by reason whereof the plaintiff became permanently crippled. The third count charged malpractice, and the fourth count charged false imprisonment of the plaintiff by the defendant because of the fact that it was at the latter's suggestion that the plaintiff was taken to the insane asylum and detained there for a year. The trial resulted in a verdict against the defendant on each count, the jury awarding the plaintiff $5,000 on the first count, $3,000 on the second count, $2,000 on the third count and $2,000 on the fourth count.

Our examination of the testimony submitted to the jury leads us to the conclusion that the verdict is not only contrary to the great weight of the evidence, but that it plainly indicates partiality in favor af the plaintiff or prejudice against the defendant. The fact that the plaintiff has not seen fit to employ counsel to represent him on the hearing of this rule would seem to indicate that he holds the same view.

The verdict will be set aside *in toto* and a new trial ordered.